FILED

DEC 12 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cynthia Cook, Individually, and as )
Mother and Next Friend of LR, a )
Disabled Person )
3738 Silverpark Court )
Suitland, MD 20746, )
)
and )
)
LR )
3738 Silverpark Court )
Suitland, MD 20746, )

Plaintiffs,

v.

Washington Hospital Center
Corporation
d/b/a the Washington Hospital Center
110 Irving Street, N.W.
Washington D.C. 20010,

Defendant.

Case: 1:11-cv-02204
Assigned To : Leon, Richard J.
Assign. Date : 12/12/2011
Description: PI/Malpractice

Case No. _____

## COMPLAINT

COME NOW the Plaintiffs, Cynthia Cook, Individually, and as Mother and Next Friend of LR, a Disabled Person, and LR, by and through their attorneys, John Lowe and Michael M. Wilson, and represent to this Honorable Court as follows:

(Jurisdiction and Parties)

1. The Plaintiffs, Cynthia Cook, individually, and as Mother and Next Friend of LR, a disabled person, and LR are residents and domiciliaries of the

1

State of Maryland.  They reside at 3738 Silverpark Court, Suitland, MD, 20746.

2.  Defendant Washington Hospital Center (hereinafter referred to as WHC) is a hospital with its principal place of business located at 110 Irving Street, N.W., Washington D.C.  20010.

3.  All acts and/or omissions relating to Plaintiffs' claims against Defendant WHC took place within the District of Columbia.

4.  Pursuant to 28 U.S.C. Section 1391(a)(2), the proper venue for this action is Washington, District of Columbia, as a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in the District of Columbia and Defendant WHC has its principal place of business in the District of Columbia.

5.  The matter in controversy exceeds the sum of $75,000.  LR has brain damage and has required and will require custodial care for the remainder of her life.  The pain, suffering, humiliation, and past and future medical and custodial expenses are far in excess of $75,000.

6.  As the matter in controversy exceeds the sum of $75,000, and the Plaintiffs and the Defendant are diverse as set forth in 28 U.S.C. Section 1332, this Honorable Court has diversity jurisdiction with respect to this action.

### Spoliation

7.  Cynthia Cook presented to the Washington Hospital Center on or about April 22, 1991 at 10 p.m. with a history of premature rupture of membranes at 8:30 p.m. on April 22, 1991.  The expected date of delivery was June 6, 1991.

8. The onset of labor at the Washington Hospital Center was documented as being 1:30 a.m. on April 23, 1991. The mother was fully dilated by 6:00 a.m. The second stage of labor lasted fifteen minutes, and thus may be considered to have been a precipitous delivery.

9. The membranes were ruptured for ten hours and five minutes prior to delivery.

10. LR had Apgars of 6 at one minute and 8 at five minutes. The infant had respiratory distress. At five hours of age LR had a blood pH of 7.18, which was severely acidotic. LR was then intubated.

11. On Day 3 of life, a cardiologist recommended ECMO "if conventional ventilation continued to fail."

12. LR was transferred from the Washington Hospital Center to CNMC for ECMO.

13. After a substantial period of time at WHC, LR was returned to WHC without ECMO having been performed.

14. Despite request, Defendant WHC has failed to provide complete medical records concerning the care that it provided to LR before LR was transferred to CNMC and after LR was returned to WHC from CNMC. Among other things, laboratory records of critical arterial blood gas results are missing, which document the levels of oxygen and carbon dioxide in the blood before and after the transfer. Also missing are transfer records concerning the transfer to and from CNMC.

15. Despite request, Defendant WHC has failed to provide bills and/or X-rays concerning care rendered to LR before LR was transferred to CNMC.

16. Defendant WHC had a legal duty to create and maintain accurate and complete medical records, bills, and X-rays concerning its care of LR but failed to maintain these materials and provide them to counsel for the Plaintiffs upon request.

17. The Plaintiffs hereby assert spoliation claims against Defendant WHC under *Holmes v. Amerex Rent-A-Car*, 710 A.2d 846 (D.C. 1998) [Hereinafter referred to as *Holmes*.] In that case, the U.S. Court of Appeals for the D.C. Circuit certified questions to the D.C. Court of Appeals as to whether negligent or reckless spoliation of evidence is an independent and actionable tort in the District of Columbia. The D.C. Court of Appeals held that the District of Columbia does recognize a cause of action for negligent or reckless spoliation. The D.C. Court of Appeals held that the plaintiff in such an action must establish that (1) a potential civil action existed, (2) a legal or contractual duty on the part of the entity existed to preserve evidence relevant to that action, and (3) that the evidence required to be preserved is absent.

18. The plaintiffs specifically allege that medical records of treatment at WHC in April 1991 were created by agents of WHC, that the WHC had a duty to maintain those records, and that critical portions of these records were either lost or destroyed.

19. Additionally, the D.C. Court of Appeals in *Holmes* held that the plaintiff,

in order to prove the claim, must establish a "reasonable inference" that due to the spoliation the plaintiff's ability to prevail in the underlying lawsuit was significantly impaired because of the absence of the evidence that was spoliated; and that there had been a "significant possibility" of success in the underlying potential civil action claim. 710 A.2d 846, 947 (D.C. 1998).

After the D.C. Court of Appeals' ruling on the certified questions, the U.S. Court of Appeals for the D.C. Circuit reversed the trial court's grant of summary judgment in favor of Defendant Amerex. 180 F.3d 294 (D.C. Cir. 1999).

20. It is specifically alleged that the plaintiffs in this action have potential civil actions against CNMC and CNMC physicians, agents, and servants, who rendered treatment to LR during this time period.

21. It is expected that the Plaintiffs will provide expert testimony that LR has suffered brain damage as a result of a hypoxic injury. The existing medical records demonstrate that LR was suffering from severe hypoxia, and LR was transferred from the Washington Hospital Center to CNMC to allow for ECMO to be performed to alleviate the severe hypoxia. The Plaintiffs expect to produce expert testimony that the complete records of the treatment of LR at WHC would contain observations of the degree of hypoxia, together with arterial blood gas laboratory values that would show the degree of hypoxia, before LR was transferred. Additionally, the Washington Hospital Center records are missing important laboratory values concerning the degree of hypoxia. Additionally, the Washington Hospital Center records either would have contained the entire CNMC

record or would have contained a transfer summary from CNMC, so that the WHC physicians would have known what treatment was rendered to LR by CNMC.

22. It is standard for the transferring institution, WHC, to maintain a transfer summary stating the reason for the transfer and the condition of LR at the time of transfer from WHC to CNMC. That summary would also probably contain the arterial blood gas values showing the degree of hypoxia at the time since the transfer was done to use ECMO to treat the hypoxia. Additionally, the transfer summary would probably show the names of the physicians at WHC who participated in the treatment of LR at the time and the substance of their conversations and particularly the reasons for the transfer to CNMC and why LR was a suitable candidate for ECMO treatment.

23. It is expected that the Plaintiffs will provide expert testimony that these missing or destroyed records would show that LR had a significant period of hypoxia that was later not treated according to the standard of care at CNMC (in an action separate and apart from this one), and that the delay or failure to treat the hypoxia by CNMC and CNMC physicians was a substantial factor in the outcome of severe brain injury and mental retardation due to hypoxic injury. It is also expected that the missing or destroyed WHC medical records and X-rays would show the reasons for the hypoxia, which would include sepsis, and that the physicians failed to adequately treat the sepsis at CNMC. It is also expected that the missing or destroyed X-rays would also show the degree of hypoxia that LR was experiencing at the time by showing the condition of the lungs, and that LR

was not provided adequate treatment for the hypoxia that resulted in her hypoxic brain injury.

24. It is expected that the Plaintiffs will provide competent expert testimony that the missing or destroyed medical records and X-rays would have serial neurological examinations that would show when the brain damage occurred, and that the failure to time the brain injury significantly impairs the ability of the Plaintiffs to pursue their available claims for medical malpractice.

25. It is expected that the Plaintiffs will provide competent expert testimony that the missing WHC medical records, bills, and X-rays for its treatment during April 1991 were critical to supporting valid causes of action against medical providers who rendered treatment to LR at CNMC for hypoxia, and that those missing records would show that the treatment at CNMC was negligent and that appropriate treatment at CNMC would have prevented the hypoxic brain damage experienced by LR.

26. It is specifically alleged that Defendant WHC had a legal and contractual duty to preserve and maintain medical records, bills, and X-rays pertaining to its treatment of LR in the postnatal period until at least such time as LR reached the age of 21, and probably longer, as LR remains under a disability. The existence of this legal and contractual duty will be established by expert testimony. The testimony of Plaintiffs' expert witnesses is expected to be based upon discovery to be conducted in this action, which may include such references as JCAHO regulations concerning WHC, D.C. regulations concerning WHC,

Case 1:11-cv-02204-RJL   Document 1   Filed 12/12/11   Page 8 of 10

Page 8 of 10

internal protocols of WHC over the past 21 years, the usual and customary practice concerning medical records, bills, and X-ray retention followed by WHC for the past 21 years, federal Medicaid rules and regulations concerning WHC, federal Medicare rules and regulations concerning WHC, and other national standards of care with reference to the maintenance and preservation of medical records, bills, and X-rays by hospitals pertaining to care to infants.

27. It is specifically alleged that a reasonable inference exists that due to the spoliation of evidence by WHC the plaintiffs' ability to prevail in the potential civil actions against CNMC referred to in Paragraph 22 has been significantly impaired. This will be the subject of expert testimony based upon review of the medical records, bills, and X-rays of the care of LR with reference to the persons and institutions who would be involved in the potential civil actions; and also medical records, bills, and X-rays concerning subsequent care of LR, current medical reports concerning LR, examinations of LR by experts retained by the Plaintiffs and the Defendant, depositions, interrogatory answers, responses to requests to produce, responses to requests for admissions, and other materials customarily relied upon by expert witnesses of the same or similar specialty. This is set forth in greater detail in Paragraph 22, *supra*.

28. It is specifically alleged that if the spoliated evidence had been preserved by Defendant WHC, there does exist a significant possibility of success in the underlying potential claims within the framework created by the D.C. Court of Appeals in delineating the D.C. cause of action for spoliation of evidence. This

requirement will also be satisfied by expert testimony as set forth by the D.C. Court of Appeals in *Holmes v. Amerex,* 710 A.2d 846, 947 (D.C. 1998).

29. As a direct and proximate result of the aforesaid negligent or reckless failure to preserve LR's postnatal medical records, X-rays, and bills there was a compensable significant impairment of LR's potential claims against CNMC as set forth in Paragraph 22, *supra*.

30. As a result of the Defendant's negligent spoliation of medical records, bills, and X-rays of treatment of LR at WHC in 1991 Plaintiffs Cynthia Cook Individually, and as Next Friend of LR, and LR have suffered such damages as are recognized under the District of Columbia law pertaining to spoliation under *Holmes v. Amerex*.

31. No claim for medical malpractice is asserted in this complaint against the Washington Hospital Center or its agents, servants, and employees for any acts of medical or nursing negligence occurring at the Washington Hospital Center. The only claim asserted in this complaint is a claim for the tort of spoliation against the Washington Hospital Center for failure to maintain LR's medical records, bills, and/or X rays.

WHEREFORE, Cynthia Cook, Individually, and as Mother and Next Friend of LR, and LR, demand judgment against Defendant WHC for spoliation of evidence in the full sum of Thirty Million Dollars ($30,000,000.00), plus interest and costs incurred.

Date: December 9, 2011          Respectfully submitted,


/s/ John C. Lowe
John C. Lowe
D.C. Bar No. #427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD  20816
(301) 320-3300
Email:  johnlowe@johnlowepc.com

/s/ Michael M. Wilson
Michael M. Wilson
D.C. Bar No. #941674
U.S. Court of Appeals
for the District of Columbia #30702
1120 19th Street, N.W. Suite LL-11
Washington, D.C.  20036
(202) 223-4488
Fax: (202) 280-1414
Email:  wilson@wilsonlaw.com

*Counsel for the Plaintiffs*

JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

/s/ Michael M. Wilson
Michael M. Wilson
D.C. Bar No. #941674
U.S. Court of Appeals
for the District of Columbia #30702
1120 19th Street, N.W. Suite LL-11
Washington, D.C.  20036
(202) 223-4488
Fax: (202) 280-1414
Email:  wilson@wilsonlaw.com

*Counsel for the Plaintiffs*